JAMES R. JOHNSTON, *Guardian of the Estate of* EPHRAIM
VAUGHN, CHARLES VAUGHN, *et al.*, *vs.* THE ATLAS MINING
COMPANY.

In an action at law by the vender, to recover damages for the breach of a contract for the sale
of land, the measure of damages is not the full contract price, but the difference between
that price and the price for which the land could have been sold at the time of the breach
A new trial may be ordered upon a particular question, without re-opening the whole case.
When the defendant gave no evidence at the trial tending to show the value of the land at the
time of the breach, nor offered any objection to the measure of damages as claimed by the
plaintiffs, the granting of a new trial will be conditioned upon paying the costs of the
former trial, together with the costs of the motion.

*Keweenaw Circuit, July term,* 1870.

Suit was brought to recover the purchase or contract price of
a certain tract of land, supposed to be valuable for mining pur-
poses, in Keweenaw County. Trial, by a jury, was had at the
March term, 1870, and a verdict rendered in favor of the plain-
tiff, for the full contract price, $20,500.00, with interest, and
amounting to $27,675.00.

This verdict the defendant afterwards moved to set aside, for
various reasons, and among others as being *excessive*—the jury
having disregarded the law laid down by the Court in certain
charges for the defendant—which were in substance that there
could be no verdict for the purchase price, unless the title to the
premises had passed to the defendant, or in other words, that the
plaintiff could not recover the purchase price of the land and keep
the land too.

*Hubbell & Chadbourne* for the motion cited *Sedg. on Dam.*, 3d
Ed. marginal, p. 190; *Old Colony Railroad Co. vs. Evans*, 6.
*Gray; Lewis vs. Lee.* 15 *Ind.* 499.

*Dan. H. Ball, contra,* cited upon this point *Sedg. on Dam*, p. p.
296, 7, 8, and 9; 17 *Barb.*, 264—and insisted that the damages
found by the jury for the purchase price, with interest, were cor-
rect. Defendant purchased the land. plaintiffs were ready to de-
liver a deed at any time. The money then should have been paid
into the Probate Court or to the plaintiff on delivery of the deed.

JOHNSON *v.* THE ATLAS MINING COMPANY.

*By the Court*, O'GRADY, J.—This is a motion for a new trial based upon several grounds, and among them that the damages are excessive. It is said to be "difficult to draw a line as to the granting of a new trial; and perhaps the granting or not granting of it must always depend upon the circumstances of the case." Also " that the granting of a new trial, like the granting of a continuance, or taking off a default rests in the discretion of the Court, is fully establsihed by all the authorities. And an infinite variety of considerations which can never be brought to the test of a strict rule, and which must be referred to the discretion of the Judge, are the basis of determination.

In the exercise of such discretion I shall proceed to entertain and consider the motion, but only on the point of excessive damages—for I must deny it as to all the others. The correct principle is, as laid down by the common law rule, that a party can only recover such damages as he has suffered.

The evidence at the trial tended to show that the defendant never acquired a legal title to the premises in question, that there were several dependent acts to be performed mutually—as the payment or tender of money and mortgage, or the delivery or tender of a sufficient deed; and that there was negligence imputable to both parties, only differing in degree, in this behalf. Then what is the true measure of damages? If the legal title did not pass to defendant it surely can not be the contract or purchase-price with interest.

The principle of the common law must be applied, and which I hold is laid down correctly in *Old Colony Railroad Co. vs. Evans* and *Lewis vs. Lee*, viz: In an action at law by the vender, to recover damages for the breach of a contract for the sale of land, the measure of damages is not the full contract price, but the difference between that price and the price for which the land could have been sold at the time of the breach.

A new trial may be ordered upon a particular question, without reopening the whole case. *Thwaites vs. Sainsbury*, 7, *Bing.*, 437. When the damages are *excessive* a new trial may be granted, to determine the damages, without opening the whole case. *Boyde vs. Brown*, 17 *Pick*, 453; *Robbins vs. Townsend*, Id., 345 ; *Hamilton vs. Sale*, 6, *S. and M.*, 634.

The Court may allow a *remittitur* of the excess of damages found, and overrule a motion for a new trial; but in this case there was no evidence to establish what that excess should be.

A new trial is granted, but it must be confined to the single point of determing the damages without opening the whole case.

And, inasmuch as the defendant gave no evidence at the trial tending to show the value of the land, at the time of the breach, nor offeered any objection to the measure of damages, as claimed by the plaintiffs, they must pay the costs of the former trial as well as the costs of this motion.